UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-04921 DMG (CWx)** | Date | January 21, 2014 |
|---|---|---|---|

| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | Page | 1 of 7 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [DOC. # 27]**

     On July 9, 2013, Plaintiff Southern California Housing Rights Center, Inc. ("SCHRC"), filed a Complaint in this Court against Defendants Patrick De La Torre, Monica Reinoso, and MBVR, LLC, alleging: (1) violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; (2) violations of the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*; (3) violations of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200; and (4) negligence. [Doc. # 1.]

     On November 22, 2013, Defendant Patrick De La Torre filed a Motion to Dismiss [Doc. # 27], originally set for hearing on December 20, 2013. On December 17, 2013, the Court took the motion under submission because it was deemed appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. [Doc. # 31.] Having duly considered the arguments of the parties as presented in their written submissions, the Court **DENIES** Defendant De La Torre's motion to dismiss.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

     On July 9, 2013, SCHRC filed a Complaint in this Court. [Doc. # 1.] On July 17, 2013, SCHRC served Defendant MBVR, LLC. [Doc. # 6.] On July 27, 2013, SCHRC served Defendant Reinoso at her home in Palos Verdes Estates, California. [Doc. # 7.] Reinoso is De La Torres' wife. (Declaration of David Elder in Support of Second Request to Enter Default ¶ 5 [Doc. # 26-1].) On August 21, 2013, both MBVR and Reinoso filed an Answer. [Doc. # 9.]

     Sometime between the filing of the Complaint and September 6, 2013, SCHRC's process server made four attempts to serve De La Torre at his home in Palos Verdes Estates, California. (Declaration of David Elder in Support of Plaintiff's First Request to Enter Default ¶¶ 2-3 [Doc. # 21-1].) Counsel for SCHRC and SCHRC employee, David Elder, then attempted to effect service himself. (*Id.* ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-04921 DMG (CWx)** | Date | January 21, 2014 |
| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | Page | 2 of 7 |

On September 6, 2013, Elder attempted service at De La Torre's home, but no one answered the call box and the house is gated. (*Id.* ¶ 5.) On Tuesday, September 10, 2013, Elder again attempted service at De La Torre's home, but again there was no answer. (*Id.* ¶ 6.) On Friday, September 13, 2013, Elder attempted service again, and although the gate to the property was locked, a woman answered the call box. After Elder identified himself as a process server the woman hung up. He called back twice, but she did not answer. He tossed the envelope onto the front porch, and it landed approximately two feet from the door. (*Id.* ¶ 7.) On Friday, September 13, 2013, Elder also mailed a copy of the Summons, Complaint, and related documents to Defendant De La Torre. (*Id.* ¶ 9, Exh. B (proof of service).)

On November 1, 2013, SCHRC filed a request for the clerk to enter default judgment against De La Torre. [Doc. # 21.] On November 18, 2013, the clerk denied the request, noting several deficiencies in service: (1) the papers were left at the door; (2) there was no name of the individual receiving service for Defendant, and (3) there was no acknowledgment as to mail service.

On November 20, 2013, SCHRC filed an amended proof of service for the September 13, 2013 service, along with an Affidavit of Reasonable Diligence. [Doc. # 24.] The proof of service indicated that copies of the Summons and Complaint that were left at De La Torre's home on September 13, 2013 were mailed to De La Torre a second time on November 20, 2013. [Doc. ## 24, 24-1.]

November 21, 2013, SCHRC filed a second request for the clerk to enter default. [Doc. # 26.] On December 12, 2013, the clerk denied the second request for entry of default after determining that the attempts to serve were insufficient and because the instant motion to dismiss was pending. [Doc. # 29.]

On December 18, 2013, SCHRC filed a new proof of service, indicating substituted service on November 7, 2013, accompanied by an Affidavit of Reasonable Diligence. [Doc. ## 32, 32-1.] The Affidavit states that on November 7, 2013, Elder stopped a Mercedes pulling out of the gate to the residence in Palos Verdes Estates. (Affidavit of Reasonable Diligence, ¶¶ 5-6 [Doc. # 32-1].) A woman was in the driver's seat, and Elder informed her that he was a process server and had a Summons and Complaint to serve on De La Torre. (*Id.* ¶ 8.) He showed the woman the envelope with De La Torre's name on it. (*Id.* ¶ 8.) When she spoke to Elder, he recognized her voice as the same woman who had answered the intercom at the home on September 13, 2013, in his previous service attempt. (*Id.* ¶ 8.) When Elder asked the woman to accept service for Patrick De La Torre, she shouted an expletive, so he placed the envelope on her windshield, under the driver's side wiper. (*Id.* ¶ 9.) When Elder got back in his car, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-04921 DMG (CWx)** | Date | January 21, 2014 |
|---|---|---|---|
| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | Page | 3 of 7 |

driver of the Mercedes pulled in front of him, blocking him, and then threw the envelope at him. (*Id.* ¶ 10.) Elder drove around her car and when he came back around the block, less than two minutes later, the envelope was gone. (*Id.* ¶ 11.)

On December 18, 2013, SCHRC also filed another proof of service. [Doc. # 33.] It indicates that on December 17, 2013, a process server left the Summons and Complaint at the front door of De La Torre's home. [Doc. # 33.] The proof of service is accompanied by an Affidavit of Diligent by the process server, Jorge Giovanni Silva, indicating nine separate attempts to serve De La Torre on six different dates between December 12, 2013, and December 17, 2013, at a variety of times. [Doc. # 33-1] SCHRC also filed a declaration of service by mail on December 18, 2013, executed by Silva. [Doc. # 33-2.]

On November 22, 2013, De La Torre filed the instant Motion to Dismiss. The Motion seeks to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(5) for inadequate service of process. On November 27, 2013, SCHRC filed an Opposition to De La Torre's Motion to Dismiss. [Doc. # 28.] De La Torre has not filed a reply.

## II.
## LEGAL STANDARD

A federal Court lacks personal jurisdiction over a defendant "unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." *Travelers*, 551 F.3d at 1135 (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)). But neither "actual notice" nor simply naming the individual in the Complaint is sufficient without "substantial compliance with Rule 4." *Id.* (citing *Benny*, 799 F.2d at 492).

Rule 4(c)(2) states that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Rule 4(e) provides that an individual may be served by "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Service may also be carried out in any manner allowed by the law of the state in which the federal court sits or where service is made. Fed. R. Civ. P. 4(e)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 13-04921 DMG (CWx) | | Date | January 21, 2014 |
| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | | Page | 4 of 7 |

Under Rule 4(m), if a "defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### III.
### DISCUSSION

#### A.     Service by Plaintiff's Attorney

De La Torre argues that any service was improper because it was effectuated by Elder, and Rule 4(c)(2) provides that service may be effectuated by "[a]ny person . . . not a party may serve a summons and complaint." Fed. R. Civ. Pro. 4(c)(2). Elder is an attorney for SCHRC, and is also its employee. De La Torre argues that Elder is thus an agent of plaintiff and a party. De La Torre is wrong—Elder is not a party in this action. A party's agent is not himself a party if he is not named as a party. Under California law, a plaintiff's lawyer may serve a Summons and Complaint. *Caldwell v. Coppola*, 219 Cal. App. 3d 859, 865, 268 Cal. Rptr. 453, 456 (1990); *Sheehan v. All Persons, etc.*, 80 Cal. App. 393, 396, 252 P. 337, 338 (1926). Accordingly, the Court **DENIES** the Motion to Dismiss on this ground.

#### B.     SCHRC Effectively Served De La Torre by Substituted Service

Under California law, if a defendant cannot be served, substituted service is sufficient after a showing of "reasonable diligence" by:

> leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b).

In general, a showing of "reasonable diligence" requires "two or three attempts at personal service at a proper place." *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392, 245 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-04921 DMG (CWx)** | Date | January 21, 2014 |
|---|---|---|---|

| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | Page | 5 of 7 |
|---|---|---|---|

Rptr. 596 (1988). Once a plaintiff shows due diligence, he or she may rely on substituted service. *Id.* at 1391 (permitting substituted service of husband by giving complaint and summons to wife). Substituted service "must be made upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1393, 8 Cal. Rptr. 2d 351 (1992) (internal quotation marks and citations omitted).

SCHRC has established reasonable diligence by making at least six attempts at personal service at De La Torre's home before September 13, 2013. Therefore, SCHRC was entitled to substituted service on De La Torre.

SCHRC argues that its September 13, 2013 service is analogous to that which the Ninth Circuit held sufficient in *Travelers*. There, a process server identified himself on an intercom, the person inside refused to open door, and the process server left the papers on the doorstep in view of the person inside, who had identified himself as the Defendant. *See Travelers*, 551 F.3d at 1134. The Court agrees. On September 13, 2013, Elder identified himself as a process server, and when the adult woman who answered the intercom hung up, he tossed the Summons and Complaint onto the porch at De La Torre's home in the presence of an adult woman inside the home. Although Elder did not get confirmation of the identity of the person inside, service on an unidentified adult inside the house is sufficient under California law. *See Bein*, 6 Cal. App. 4th at 1391 (sufficient service "by substitute service on a 'Linda Doe' when she emerged from residence"). Moreover, it is acceptable to leave papers outside of a locked door if the resident refuses to accept the papers or to open the door for the process server. *See Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015, 269 Cal.Rptr. 687 (1990). "[A] defendant will not be permitted to defeat service by rendering physical service impossible." *Id.* at 1013.

Keeping in mind that "service of process should be liberally construed to effectuate service," *Summers v. McClanahan*, 140 Cal. App. 4th 403, 410-11, 44 Cal. Rptr. 3d 338, 344 (2006) (internal quotation marks and citations omitted), the Court concludes that the September 13, 2013 service "substantial[ly] compli[ed] with Rule 4." *See Travelers*, 551 F.3d at 1134. "Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." *Travelers*, 551 F.3d at 1136. Under the circumstances, it is obvious that service has been "prevented by the defendant's knowing and intentional actions to evade service." *Id.* at 1136.

The Court therefore concludes that De La Torre was personally served, through substituted service, on September 13, 2013.

Case 2:13-cv-04921-DMG-CW   Document 36   Filed 01/21/14   Page 6 of 7   Page ID #:351

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-04921 DMG (CWx)** | Date | January 21, 2014 |
|---|---|---|---|

| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | Page | 6 of 7 |
|---|---|---|---|

### C.     SCHRC Has Shown Good Cause for Extension of Time to Serve De La Torre

For purposes of entry of default, the clerk rejected SCHRC's first proof of mailing of the Summons and Complaint to De La Torre after the September 13, 2013 service. [Doc. # 23 (rejecting entry of default because, among other things, there was no acknowledgement as to mail service)].) Even assuming the first mailing of the Complaint and Summons after the September 13, 2013 service was insufficient for purposes of substituted service, SCHRC mailed the Summons and Complaint again on November 20, 2013. [Doc. # 24.] California law does not specify when the Summons and Complaint must be mailed after substituted service in order to be valid; it only states that service is complete ten days after mailing. *See* Cal. Civ. Proc. Code § 415.20(b) ("and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid . . . service is considered complete after ten days from mailing"). Defendant contends that the November 20, 2013 service was untimely, however, because the 120-days period to serve the Complaint expired on November 6, 2013. Nonetheless, the Court finds good cause to extend the period of time to serve the Complaint.

"Rule 4(m) . . . *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *see also In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (upon showing good cause for the defective service, the court must give an extension). "District courts have broad discretion to extend time for service under Rule 4(m)." *Id.* at 1041. "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (internal quotation marks and citations omitted). "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

In arguing good cause for an extension of time to serve De La Torre, SCHRC first argues that because De La Torre's wife and company (MBVR, LLC) were timely served, he surely has actual notice. Second, SCHRC asserts that De La Torre will not be prejudiced because he is represented by the same counsel that is representing his wife and company in this case—counsel that has been involved in the case since July 2012. Third, SCHRC argues that the statute of limitations will bar re-filing of its claims of race discrimination in housing because the first nine "tests" on Defendants' properties for race discrimination would exceed the statute of limitations.

The Court agrees that De La Torre will not be prejudiced by extending the service period, and concludes, *nunc pro tunc*, that the "good cause" standard for extending the time to serve has been met. Although the better practice would have been for SCHRC to seek an extension of the Rule 4(m) deadline before it expired—and the Court certainly would have granted an extension of time under the circumstances—the reality is that Rule 4(m) is not self-executing. In this case,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-04921 DMG (CWx) | Date | January 21, 2014 |
|---|---|---|---|
| Title | *Southern California Housing Rights Center, Inc. v. Patrick De La Torre, et al.* | Page | 7 of 7 |

the Court did not dismiss the claims against De La Torre for failure to meet the Rule 4(m) deadline. It does not intend to do so now. Indeed, the Court does not look favorably upon the gamesmanship that gave rise to the instant motion.

## V.
## CONCLUSION

In light of the foregoing, the Motion to Dismiss is **DENIED**. De La Torre shall file an Answer within 15 days of this order.

**IT IS SO ORDERED.**