IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, INC., d/b/a HOUSING RIGHTS CENTER, INC., a California nonprofit corporation,<br><br>        Plaintiff,<br>    vs.<br>PATRICK DE LA TORRE, individually, MONICA REINOSO, individually, and MBVR, LLC, a California limited liability company,<br>        Defendants. | Case No.: CV13-04921-DMG (CWx)<br><br>**CONSENT DECREE [41]** |

This action was brought by Plaintiff Southern California Housing Rights Center, Inc., dba Housing Rights Center ("HRC") against Defendants Patrick De La Torre, Monica Reinoso, and MBVR, LLC, alleging that Defendants and their agents violated the federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and related California laws by engaging in a pattern or practice of discrimination against African Americans in the operation or management of rental dwellings owned, managed, or operated by Defendants. Defendants have denied all material allegations in the Complaint.

The parties have agreed that to avoid protracted and costly litigation, the controversy should be resolved without a trial and therefore have consented to entry of this decree.  By entering into this consent decree, Defendants make no admission of liability or wrongdoing in connection with the allegations and claims made by Plaintiff.

It is hereby ordered, adjudged, and decreed that:

### A.   Monetary Payments

1. Defendants shall pay a total of one hundred fifty thousand dollars ($150,000.00) in the form of checks made payable to the "Southern California Housing Rights Center Client Trust Account," and shall deliver those payments to David Elder at the HRC, 3255 Wilshire Boulevard, Suite 1150, Los Angeles, CA 90010, in accordance with the following schedule:

   a. Payment of ten thousand dollars ($10,000.00) within thirty (30) days of entry of this decree; and then,

   b. Payment of ten thousand dollars ($10,000.00) each month thereafter until the total payment of one hundred fifty thousand dollars ($150,000.00) is made.

   c. If Defendants fail or refuse to make any of these payments in accordance with this schedule, then counsel for Plaintiff shall give written notice of default by U.S. Mail to Larry Arnold at Cummins & White, LLP, address 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660.  Upon receipt of written notice of a default, Defendants shall have seven (7) days to cure the default.  If the default is not cured within the seven (7) days, then the entire amount shall be due and owing, and the Court shall issue a judgment against Defendants, and each of them, jointly and severally, for the outstanding sum in the form of that may be recorded.

///

///

### B.     Mutual Release and Dismissal

2. The HRC and Defendants shall execute a mutual release indicating that this decree constitutes a full and final settlement of any and all claims that each has related to this action. Each mutual release shall include a waiver of Civil Code § 1542, and include all known and unknown claims. This action will be dismissed, subject to the terms of this decree, reserving jurisdiction for purposes of enforcement.

### C.     Equitable Terms

3. Defendants, including their agents and employees, including any contractor hired pursuant to paragraph 3(h), *infra*, shall comply with the following terms:

   a. Within 30 days from the date of entry of this decree, place and maintain a copy of either the HUD fair housing poster (HUD form 928) *or* DFEH fair housing poster (DFEH form 157H and 157S) in a conspicuous location at each rental dwelling owned, operated, managed or controlled by any Defendant where it can be seen by residents or prospective residents;

   b. Within 30 days from the date of entry of this decree, provide each existing household occupying any rental dwelling owned, operated, managed or controlled by any Defendant with a copy of the DFEH fair housing pamphlet (DFEH form 157H and 157HS);

   c. Effective within 30 days from the date of entry of this decree, provide each household commencing occupancy of any rental dwelling owned, operated, managed or controlled by any Defendant with a copy of DFEH fair housing pamphlet (DFEH form 157H and 157HS) before accepting payment of the first month's rent;

   d. Within 30 days from the date of entry of this decree, adopt, distribute and enforce a written policy prohibiting discrimination in the rental of dwellings by any employee, officer, or agent acting on behalf of any Defendant.

That policy shall state that conduct in violation of the policy will be grounds for immediate termination;

      e.    Within 120 days from the date of entry of this decree, require, and pay for, each Defendant and each employee, officer, or agent involved in the management or operation of any rental dwelling owned, operated, managed or controlled by any Defendant to attend a fair housing training provided by either (1) any organization approved by the California Apartment Association (CAA) to provide fair housing training, *or* (2) any fair housing organization satisfying the requirements as a HUD Qualified Fair Housing Organization under 24 C.F.R. § 125.103.  Any new agent or employee involved in the management or operation of any rental dwelling owned, operated, managed or controlled by any Defendant must attend a fair housing training, provided by either type of organization identified in this paragraph, within 120 days of the start of his or her employment or agency;

      f.    Effective within 120 days from entry of this decree, Defendants Patrick De La Torre and Monica Reinoso, and each of them, shall cease and desist from management or operation of any rental dwelling owned, operated, managed or controlled by any Defendant; instead, Defendants shall employ one or more property supervisors and resident managers, individually or through a property management firm, provided that each property supervisor or resident manager employed by Defendants is certified by CAA as a California Certified Residential Manager.   Any agreement between any person or firm and any Defendant implementing this provision shall expressly state that any person engaged in the management or operation of any rental dwelling pursuant to that agreement is bound and subject to the equitable terms of this decree;

      g.    Within 130 days from the date of entry of this decree, and annually thereafter, certify compliance with the terms of this consent decree in the form of a certificate, filed with the Court, stating:

-4-
CONSENT DECREE

I, _____, [individually]/[on behalf of MBVR LLC], hereby certify that [I]/[MBVR LLC] have/has complied with the provisions of the consent decree entered in *Southern California Housing Rights Center, Inc, dba Housing Rights Center v. De La Torre*, Case No. 2:13-cv- 4921-DMG (CWx), during the period between [date] and [date].

h.   Maintain records demonstrating compliance with each of these provisions under paragraph 3 – including certificates of attendance of fair housing training prescribed in paragraph 3(e) and any agreement prescribed in paragraph 3(f) –  and make those records reasonably available for inspection upon written request made by the HRC or any government agency;

i.   Advertise any and all available units on www.craigslist.com or any other classified advertisement website.

### D.   Enforcement

4.   The district court shall retain jurisdiction over this action and its parties for the duration of this decree for the purpose of enforcing and modifying its terms.  This decree shall be in effect for a period of three (3) years from its date of entry.

Ordered this 2nd day of April, 2014.

*[signature: Dolly M. Gee]*
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE